UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JORGE GUADARRAMA, | Civil No. 09-cv-2544-BEN (POR) |
|---|---|
| Petitioner, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| LARRY SMALL, Warden, | **[Doc. 3]** |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 10, 2009. [Doc. 1.] Additionally, Petitioner has filed a Motion for Appointment of Counsel [Doc. 3]. On April 19, 2010, Petitioner filed a supplemental declaration in support of this motion [Doc. 17], arguing that the following circumstances justify the appointment of counsel: (1) Petitioner is unable to retain counsel; (2) Petitioner has inadequate access to legal materials and the law library; and (3) the prison has withheld Petitioner's "legal property." (Guadarrama Decl. at 1-3.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

1   In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to
2 appointed counsel unless the circumstances of a particular case indicate that appointed counsel is
3 necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at
4 728-29.  A due process violation may occur in the absence of counsel if the issues involved are too
5 complex for the petitioner.  In addition, the appointment of counsel may be necessary if the
6 petitioner has such limited education that he or she is incapable of presenting his or her claims.
7 Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

8   In the absence of counsel, however, "[t]he procedures employed by the federal courts are
9 highly protective of a pro se petitioner's rights," and "[t]he district court is required to construe a pro
10 se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d
11 at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent
12 standard) (per curiam)); Bashor, 730 F.2d at 1234.

13   Despite Petitioner's alleged lack of consistent access to legal resources, Petitioner has
14 sufficiently represented himself to date.  The Petition, filed *pro se* and supported by an array of
15 clearly labeled exhibits, demonstrates that Petitioner has a good grasp of this case and the legal
16 issues involved.  Furthermore, the Petition was pleaded sufficiently to warrant this Court's order
17 directing Respondent to file a responsive pleading. [Doc. 5.]  More recently, on April 20, 2010,
18 Petitioner filed an opposition to Respondent's Motion to File a Renewed Motion to Dismiss,
19 including several citations to U.S. Supreme Court cases.  [Doc. 18.]  Accordingly, at this stage of the
20 proceedings, the Court finds the interests of justice do not require the appointment of counsel.
21 Petitioner's Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE.

22   **IT IS SO ORDERED.**

23

24 **DATED: May 19, 2010**

25

26   **LOUISA S PORTER**
    **United States Magistrate Judge**

27
28   cc:     The Honorable Roger T. Benitez
            All parties