FILED

10 AUG 10 AM 10: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GUADARRAMA,<br><br>       Petitioner,<br>  vs.<br><br>LARRY SMALL, Warden,<br><br>       Respondent. | CASE NO. 09-cv-2544<br><br>ORDER DENYING MOTION TO DISQUALIFY DISTRICT JUDGE ROGER T. BENITEZ<br><br>[Docket No. 33] |

Before the Court is Petitioner's Motion to Disqualify District Judge Roger T. Benitez ("Motion"). (Docket No. 33.)  The Motion seeks to disqualify Judge Benitez, as well as Magistrate Judge Louisa S. Porter.  This Order only addresses Petitioner's request to disqualify Judge Benitez; Petitioner's request to disqualify Judge Porter is addressed in a separate order filed concurrently herewith. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994) (the decision regarding disqualification is made by the judge whose impartiality is at issue).  For the reasons set forth below, the Court **DENIES** Petitioner's Motion as it relates to Judge Benitez.

## BACKGROUND

Petitioner is a state prisoner proceeding pro se.  On November 10, 2009, Petitioner initiated this action pursuant to 28 U.S.C. § 2254,[1] challenging the state court's decision to deny his petition

---

[1] On December 2, 2009, the Court construed the Petition as one filed pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241 because Petitioner is a state prisoner attacking the validity of a disciplinary proceeding and resulting placement in an Administrative Segregation Unit and, therefore, may only proceed with a habeas action in federal court under Section 2254. (Docket No. 4.)

- 1 -

1  for writ of habeas corpus in which he claimed he was falsely charged with a prison disciplinary

2  violation and, as a result, was improperly confined beyond his minimum eligible parole release date.

3       On July 1, 2010, Petitioner filed the Motion currently before the Court. (Docket No. 33.) The

4  Motion seeks recusal of Judge Benitez on the grounds that Judge Benitez has shown impartiality in

5  favor of Respondent and has failed to give deference to Petitioner's pro se status.

6       The Court **DENIES** Petitioner's Motion.

7                                          **DISCUSSION**

8       Pursuant to 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which

9  [his] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  This is an "objective"

10  standard. *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008).  Recusal is required "[i]f it

11  would appear to a reasonable person that a judge has knowledge of facts that would give him an

12  interest in the litigation." *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860

13  (1988)).  "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but

14  rather is a 'well-informed, thoughtful observer'." *Id.* (citing *In re Mason*, 916 F.2d 384, 386 (7th Cir.

15  1990)).  Alternatively, a judge must disqualify himself "[w]here he has a personal bias or prejudice

16  concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings."

17  28 U.S.C. § 455(b)(1).  Under this subsection, a judge must recuse himself when he harbors actual

18  bias. *Holland*, 519 F.3d at 915.  "In the absence of a legitimate reason to recuse himself, 'a judge

19  should participate in cases assigned'." *Id.* at 512 (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed.

20  Cir. 1985)).  A judge is presumed qualified to hear a proceeding and the moving party has the burden

21  of proving otherwise. *First Interstate Bank v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir.

22  2000).  The motion or affidavit must allege with particularity the facts that would convince a

23  reasonable person that a bias exists of a personal, not judicial, nature. *United States v. Sibla*, 624 F.2d

24  864, 868 (9th Cir. 1980).

25       Petitioner requests recusal of Judge Benitez on the grounds that Judge Benitez has shown

26  impartiality in favor of Respondent and has failed to give deference to Petitioner's pro se status.

27  Petitioner claims impartiality is shown by the Court's orders granting Respondent an extension of time

28  to respond to the Petition and the Court's order denying Petitioner's request to compel turnover of

09cv2544

1   Petitioner's "legal property." (Docket Nos. 13, 24). The Court notes, however, that these orders were

2   signed by Judge Porter, not Judge Benitez, and therefore cannot serve as a basis for disqualifying

3   Judge Benitez. *See, e.g.*, 28 U.S.C. § 455 (disqualification must be based on a judge's personal bias

4   or prejudice). To the extent the actions are attributable to Judge Benitez, such actions also do not

5   exhibit impartiality for purposes of Section 455, as a judge's adverse rulings in a proceeding do not

6   require recusal. *Holland*, 519 F.3d at 914 n. 5 (citing *United States v. Cooley*, 1 F.3d 985, 993-94

7   (10th Cir. 1993)). Accordingly, Plaintiff's Motion is **DENIED**.

8                                        **CONCLUSION**

9           For the reasons set forth above, Petitioner's Motion to disqualify Judge Benitez is **DENIED**.

10  Petitioner's request to disqualify Judge Porter is addressed by separate order of the Court.

11  **IT IS SO ORDERED**.

12  Date: August __9__, 2010

13                                        Hon. Roger T. Benitez
                                          United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28