```
                                                        FILED
                                                    10 SEP 27 PM 1:42
                                              CLERK, U.S. DISTRICT COURT
                                           SOUTHERN DISTRICT OF CALIFORNIA

                                           BY:                    DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JORGE GUADARRAMA, | CASE NO. 09-cv-2544 BEN (JMA) |
|---|---|
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| LARRY SMALL, as Warden, | [Docket No. 45] |
| Respondent. | |

    Before the Court is Petitioner's motion for reconsideration of orders denying his request to disqualify District Judge Roger T. Benitez and Magistrate Judge Louisa S. Porter in this case. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

    Petitioner is a state prisoner proceeding pro se. On November 10, 2009, Petitioner initiated this action pursuant to 28 U.S.C. § 2254,[1] challenging the state court's denial of his claim that he was falsely charged with a prison disciplinary violation and, as a result, was improperly confined beyond his minimum eligible parole release date.

    On July 1, 2010, Petitioner filed a motion to disqualify District Judge Roger T. Benitez and Magistrate Judge Louisa S. Porter. (Docket No. 33.) The motion sought recusal of Judge Benitez on

---

[1] On December 2, 2009, the Court construed the Petition as one filed pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241 because Petitioner is a state prisoner attacking the validity of a disciplinary proceeding and resulting placement in an Administrative Segregation Unit and, therefore, may only proceed with a habeas action in federal court under Section 2254. (Docket No. 4.)

- 1 -

09cv2544

the grounds that Judge Benitez has generally shown impartiality in favor of Respondent and has failed to give deference to Petitioner's pro se status. The motion also sought recusal of Judge Porter on the grounds that Judge Porter has exhibited judicial bias by granting two extensions of time to Respondent to answer the Petition and denying Petitioner's motion to obtain legal material.

In August 2010, the Court entered an order denying disqualification of Judge Benitez and also entered an order denying disqualification of Judge Porter. (Docket Nos. 36, 37.) Petitioner then filed the Motion currently before the Court, objecting to and seeking reconsideration of those orders. (Docket No. 45.)

## DISCUSSION

### I. ORDER DENYING DISQUALIFICATION OF JUDGE BENITEZ

Petitioner objects to the order denying disqualification of Judge Benitez. The Court construes the objection as a motion for reconsideration under Federal Rule of Civil Procedure 60.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)); *see also* CivLR 7.1.i.1 (a motion for reconsideration must set forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.").

Although Petitioner does not reference any of these elements, for purposes here, the Court assumes the Motion is made under the second element. However, Petitioner does not cite legal or other authority suggesting how the Court's order was entered in clear error or was manifestly unjust. Petitioner, instead, incorporates by reference his prior motion for disqualification. As Petitioner fails to demonstrate that reconsideration is appropriate, and the Court finds no basis for granting reconsideration, Petitioner's Motion is **DENIED** as to Judge Benitez.

### II. ORDER DENYING DISQUALIFICATION OF JUDGE PORTER

Petitioner also objects to the order denying disqualification of Judge Porter. The Court construes the objection as one under Federal Rule of Civil Procedure 72(a).

Rule 72(a) provides that a district judge may modify or set aside any part of an order entered by a magistrate judge in the case, which was clearly erroneous or contrary to applicable law. Fed. R. Civ. P. 72(a). Similar to the above, Petitioner does not identify any clear error or erroneous application of law in the order denying disqualification. Rather, Petitioner incorporates by reference his prior motion. Petitioner also contends the Court erred by refusing to docket an exhibit that was submitted on or around May 31, 2010; however, Petitioner fails to include a copy of that exhibit or explain the substance or significance of that exhibit. A review of the docket shows that the referenced exhibit may be a letter that Judge Porter rejected as being duplicative of a document already filed in the case. (See Docket No. 28.) In such instance, the Court finds it was not error to reject the document.

In light of the above, the Court overrules Petitioner's objection and denies the Motion as to Judge Porter.

## CONCLUSION

Petitioner's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Date: September 27, 2010

Hon. Roger T. Benitez
United States District Court Judge