UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JORGE GUADARRAMA, | Civil No. 09-cv-2544-BEN (POR) |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| LARRY SMALL, Warden, | |
| Respondent. | **[Doc. 29]** |

## I. INTRODUCTION

Petitioner Jorge Guadarrama is a state prisoner proceeding *pro se* on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner raises four claims for federal habeas relief: (1) he was held in Administrative Segregation Unit ("Ad-Seg") past his minimum eligible release date pending the adjudication of his disciplinary proceedings; (2) prison officials were biased in the disciplinary process; (3) prison officials charged him with a "false disciplinary case;" and (4) violation of his Fourteenth Amendment right to due process. (Id. at 4-6.) Petitioner requests, in part, to be released from Ad-Seg and for the Court to expunge all references to his disciplinary charge from his prison files. (Doc. 1-1 at 43.)

On June 4, 2010, Respondent filed the instant Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus, arguing Petitioner's claims have become moot. (Doc. 29.) Petitioner filed an Opposition to Respondent's Motion on August 2, 2010, contending his Petition presents cognizable claims for federal relief. (Doc. 35.) Upon a thorough review of the record, and in

1  accordance with Local Rule 72.1(d), it is hereby recommended that Respondent's Motion to Dismiss
2  be GRANTED.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 18, 2005, while incarcerated at Calipatria State Prison, Petitioner was involved in a fight in the Facility "C" prison yard. (Doc. 1-1 at 53.) Petitioner allegedly struck Correctional Officers A. J. Mosley, M. Sandoval and J. McBroom during the fight. (Id. at 53-56.) Accordingly, Petitioner was placed in Ad-Seg pending an investigation of the incident. (Id. at 6, 95.) On September 14, 2005, Petitioner was charged with a "CDCR Form 115" rules violation report for attempted murder of a peace officer. (Doc. 1-1 at 6, 53.) He was advised that if found guilty, he could be assessed a forty-eight month Security Housing Unit term with a tentative projected minimum eligible release date of August 18, 2008. (Id. at 97, 115.)

While disciplinary charges were pending, the matter was referred to the Imperial County District Attorney's office for possible prosecution. (Id. at 59.) At Petitioner's request, his CDCR 115 hearing was postponed pending the outcome of the prosecution referral. (Id. at 6-7.) Petitioner was advised that he could be retained in Ad-Seg past his tentative projected minimum eligible release date of August 18, 2008.

Petitioner was indicted in the Superior Court of California, Imperial County on the following charges: one count of attempted murder of a peace officer in violation of California Penal Code sections 187(a) and 664; one count assault by a state prisoner in violation of California Penal Code section 4501; and three counts of battery on a non-confined person by a prisoner in violation of California Penal Code section 4501.5. (Doc. 1-1 at 70-75.)

On May 4, 2009, while charges were pending against him in the Imperial County Superior Court, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. (Doc. 1-1 at 3.) On June 10, 2009, the Petition was denied without comment. (Doc. 1-2 at 2.)

On February 23, 2010, Petitioner was released from Calipatria State Prison on parole. (Doc. 10-1 at 3; Doc. 29-2 at 18; Doc. 6.) Soon thereafter, Petitioner was arrested for the criminal charges set forth above and incarcerated at Imperial County jail pending the outcome of his criminal trial. (Doc. 29-2 at 18; Doc. 9.) On March 16, 2010, Petitioner was convicted of two counts of battery by

a prisoner on a non-confined person under California Penal Code section 4501.5 and sentenced to a term of twenty-five years to life. (Doc. 29-2 at 3.) Petitioner is currently incarcerated at Kern Valley State Prison. (Doc. 21.)

### III. DISCUSSION

A case is moot if it does not satisfy the case-or-controversy requirement of Article III, § 2 of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotations and citations omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Thus, "the question is whether there can be any effective relief." Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001).

A prisoner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury caused by the conviction and is redressable by invalidation of the conviction. Spencer, 523 U.S. at 7. Once the sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration – some "collateral consequence" – must exist if the suit is to be maintained. Id. Here, Petitioner does not challenge either of his convictions; he alleges that his CDCR 115 disciplinary charge and resulting confinement in Ad-Seg violated state law and his constitutional rights. (Doc. 1 at 4-6.) The direct consequences of Petitioner's disciplinary charge can no longer be remedied in habeas as Petitioner was released from Ad-Seg when paroled on February 23, 2010. (Doc. 10-1 at 3.) Therefore, to the extent Petitioner requests release from Ad-Seg, his Petition is moot.

To maintain the instant case, Petitioner must prove continuing "collateral consequences" of his disciplinary proceedings. Spencer, 523 U.S. at 8; Wilson, 319 F.3d at 480 (holding the presumption of collateral consequences does not apply to prison disciplinary proceedings); see also Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002) (holding challenge to disciplinary

proceedings moot by Petitioner's release from custody where discipline had no collateral consequences that followed release). In other words, Petitioner must show that the challenged disciplinary charge continues to have some effect on his term of custody or confinement. <u>Wilson</u>, 319 F.3d at 480-81. Although Petitioner does not allege any collateral consequences, he requests that the Court expunge all references to his disciplinary charge from his prison file, presumably because a record of his disciplinary charge could possibly effect the duration of his confinement. (Doc. 1-1 at 43); <u>see also</u> CAL. CODE REGS., tit. 15, § 2402(c)(6) (2001) (listing the fact that a "prisoner has engaged in serious misconduct in prison or jail" as a circumstance tending to indicate unsuitability for parole).

"The possibility of a future enhanced sentence, however, has been rejected by the Supreme Court as a basis on which to prevent mootness." <u>Wilson</u>, 319 F.3d at 480-81 (citing <u>Spencer v. Kemna</u>, 523 U.S. 1, 13 (1998)). As the Ninth Circuit explained in <u>Wilson v. Terhune</u>, the decision to grant parole is discretionary in California. <u>Id.</u> The California parole board would have complete discretion to determine whether, and to what extent, to consider Petitioner's disciplinary charge. The mere possibility that Petitioner's disciplinary charge would impact his future parole eligibility is "too speculative" to be considered a collateral consequence. <u>See</u> <u>Spencer</u>, 523 U.S. at 14; <u>see also</u> <u>Maxwell v. Neotti</u>, 2010 WL 3338806, at * 7 (S.D. Cal. July 15, 2010) (dismissing habeas petition as moot upon concluding the possible consideration of disciplinary proceedings and underlying conduct during a future parole hearing too speculative to satisfy Article III's "injury in fact" requirement); <u>Gayles v. Sisto</u>, 2010 WL 231382, at *2-3 (E.D. Cal., Jan. 13, 2010) (same).

Based thereon, the Court finds Petitioner has failed to allege any collateral consequences of his disciplinary charge and, therefore, concludes that this case should be dismissed as moot. Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED without prejudice.

## IV. CONCLUSION

After thorough review of the record in this matter and based on the foregoing analysis, IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED without prejudice.

1  This Report and Recommendation of the undersigned Magistrate Judge is submitted to the
2  United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C.
3  § 636(b)(1) (2007) and Local Rule 72.1(d).

4  IT IS HEREBY ORDERED that **no later than February 22, 2011**, any party may file and
5  serve written objections with the Court and serve a copy on all parties. The document should be
6  captioned "Objections to Report and Recommendation."

7  IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no
8  later than ten days** after being served with the objections. The parties are advised that failure to
9  file objections within the specified time may waive the right to raise those objections on appeal of
10 the Court's order. Martinez v. Y1st, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

11 **IT IS SO ORDERED.**

12 DATED: January 25, 2011

13
14 LOUISA S PORTER
   United States Magistrate Judge
15

16
17 cc:   The Honorable Roger T. Benitez
         All parties