FILED

2011 MAY 16  PM 1:29

CLERK US DIST
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| JORGE GUADARRAMA, | CASE NO. 09CV2544-BEN (POR) |
|---|---|
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION** |
| vs. | |
| LARRY SMALL, WARDEN, | [Docket No. 59] |
| Respondent. | |

On November 10, 2009, Petitioner Jorge Guadarrama, a state prisoner proceeding *pro se*, filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2254 ("Petition"), challenging his detention in administrative-segregation housing beyond his minimum eligible parole release date. Respondent filed a motion to dismiss based on mootness. (Docket No. 29.)

On January 25, 2011, Magistrate Judge Porter issued a Report and Recommendation, recommending that Respondent's motion to dismiss be granted. (Docket No. 48.) On March 7, 2011, having reviewed the Report and Recommendation and Petitioner's objections thereto, and after conducting a de novo review of the issues, the Court adopted the Report and Recommendation and dismissed the Petition. (Docket No. 54.) Petitioner now requests that the Court reconsider that Order, as well as reconsider the Report and Recommendation and denial of certificate of appealability related thereto. (Docket No. 59.)

## BACKGROUND

On September 14, 2005, Calipatria state prison issued a rules-violation charge, or a "CDC Form 115," to Petitioner based on a prison-yard fight that involved the Petitioner. The CDC Form 115 charged Petitioner with the attempted murder of a corrections officer during the fight. The charge carried a potential penalty of 48 months in Calipatria's "secured housing unit," from which Petitioner would not be eligible for release until – at a minimum – August 18, 2008. Petitioner was ultimately indicted for the fight, for one count of attempted murder of a peace officer, one count of assault, and three counts of battery.

On July 17, 2008, the prison issued Petitioner an administrative- segregated-unit ("Ad-Seg") placement notice, or a "CDC Form 114." The administration then informed him that, because of this CDC Form 114, Petitioner would remain in Ad-Seg past his originally-scheduled minimum eligible release date of August 18, 2008. Based thereon, Petitioner filed the Petition in this Court, challenging his detention beyond his minimum eligible release date.

On February 23, 2010, while the Petition was pending, Petitioner was released on parole. However, Petitioner was then arrested, tried, and convicted by a jury of two counts of battery upon a non-prisoner for his part in the 2005 prison-yard fight. On March 15, 2010, Petitioner was sentenced to a prison term of 25 years to life. He is currently incarcerated at Kern Valley State Prison.

Based thereon, on June 2, 2010, Respondent filed a motion to dismiss the Petition on the grounds that Petitioner's subsequent conviction and sentence rendered the Petition moot. On January 25, 2011, Magistrate Judge Porter issued a Report and Recommendation, agreeing with Respondent and recommending that the Petition be dismissed as moot. (Docket No. 48.) Petitioner filed objections. (Docket No. 52.) On March 7, 2011, after reviewing the Report and Recommendation and Petitioner's objections, and conducting a de novo review, this Court entered an order adopting the Report and Recommendation and dismissed the Petition accordingly. (Docket No. 54.)

On March 25, 2011, Petitioner filed the Motion currently before the Court. (Docket No. 59.)

**DISCUSSION**

Petitioner moves for reconsideration under Federal Rule of Civil Procedure 60(b).  Rule 60(b) allows for reconsideration due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  None of these bases apply here.  Petitioner presents no newly discovered evidence.  Petitioner's restatement of the same arguments previously made in his opposition to Respondent's motion to dismiss and in his objections to the Report and Recommendation also do not indicate the Court committed clear error in dismissing the Petition.  Nor does Petitioner cite to any intervening change in controlling law.

Petitioner argues that he did not have enough time to fully present his argument against mootness.  It is doubtful, however, that more time would have changed the Court's analysis or conclusion, as Petitioner does not dispute the fact that he was subsequently convicted and sentenced, which are the bases of the Court's finding of mootness.  To the extent Petitioner challenges any proceedings relating to that subsequent conviction or sentence, those challenges are not properly before the Court.  Accordingly, the Court finds Petitioner has failed to show that any grounds exist to reconsider the Order, the Report and Recommendation, or the Order Denying Certificate of Appealability.

///

///

///

1

**CONCLUSION**

2        For the reasons set forth above, Petitioner's Motion for Reconsideration is DENIED.

3   IT IS SO ORDERED.

4   DATED: May /3, 2011

Hon. Roger T. Benitez
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09CV2544 BEN (BLM)